**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-22428-BLOOM**

JUSTINO VALDEZ LOPEZ,

     Petitioner,

v.

Warden, KROME SERVICE PROCESSING,
CENTER; Miami Field Office Director, IMMIGRATION
AND CUSTOMS ENFORCEMENT; Pamela Bondi,
ATTORNEY GENERAL; and Markwayne Mullin,
SECRETARY OF THE DEPARTMENT OF
HOMELAND SECURITY,

     Respondents.

_____/

## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court upon Petitioner Justino Valdez Lopez's ("Petitioner")

Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, alleging that he has been

unlawfully detained in Immigration and Customs Enforcement ("ICE") custody. ECF No. [1]. The

Court ordered a response from Respondents, the Warden of Krome Service Processing Center, the

Miami ICE Field Officer Director, the Attorney General, and the Secretary of the Department of

Homeland Security (together, "Respondents"). *See* ECF No. [4]. Respondents timely filed a

Response, ECF No. [5]. The Court has considered the Petition, the Response, the record in this

case, applicable law, and is fully advised. For the reasons set forth below, the Petition is granted

in part and denied in part.

### I.     FACTUAL BACKGROUND

Petitioner is a Mexican national who entered the United States without inspection in 2000

when he was a minor. ECF No. [1] ¶ 1. On or about January 26, 2026, Petitioner was detained by

ICE following a traffic stop. *Id.* The Department of Homeland Security charged Petitioner as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), as someone who entered the United States without being admitted or paroled, and is detaining him pending removal proceedings pursuant to 8 U.S.C. § 1229a. *Id.* ¶ 8. An immigration judge denied bond stating he lacked jurisdiction pursuant to the Board of Immigration Appeals' decision in *Matter of Hurtado*, 29 I&N Dec. 216 (BIA 2025). *Id.* ¶ 1. Petitioner is in ICE custody at the Krome Service Processing Center pending the conclusion of his removal proceedings. ECF No. [1] ¶ 1. Petitioner filed the instant Petition on April 8, 2026, asserting his detention is unlawful because he is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Noem*, No. 5:25-cv-01873, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025). ECF No. [1] ¶¶ 2-7. Petitioner requests release or, alternatively, a bond hearing under 8 U.S.C. § 1226(a). *Id.* ¶ 12. Respondents state Petitioner is properly detained pending removal proceedings under § 1225(b)(2)(A). ECF No. [5] at 7-10.

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 2241(a), district courts have the authority to grant writs of habeas corpus. Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    DISCUSSION

### A.  Jurisdiction

Respondents argue the Court lacks jurisdiction to decide the Petition. ECF No. [5] at 5-6. Respondents assert 8 U.S.C. § 1252(g) divests the Court of jurisdiction to review decisions "arising from" the decision to "commence proceedings, adjudicate cases, or execute removal orders against

any alien." *Id.* (citing 8 U.S.C. § 1252(g)). Respondents claim Petitioner is essentially challenging the decision to commence removal proceedings and detain Petitioner pending such proceedings, which is expressly prohibited by § 1252(g). *Id.* Petitioner does not respond to Respondents' jurisdictional arguments but asserts jurisdiction is proper under 28 U.S.C. § 2241, 28 U.S.C. § 1331, and the Suspension Clause of the U.S. Constitution. ECF No. [1] ¶ 13.

While federal district courts still generally retain jurisdiction to review immigration detention claims, in enacting 8 U.S.C. § 1252, Congress has curtailed district court's subject matter jurisdiction over certain immigration actions. Section 1252 strips district court review of certain factual or legal issues concerning specific discretionary decisions related to immigration removal proceedings. Relevant here, § 1252(g) strips federal district courts of jurisdiction where the petitioner's claims challenge or arise from (1) the commencement of removal proceedings, (2) the adjudication of cases, and (3) the execution of final removal orders. *See Barrios v. Ripa*, No. 25-cv-22644, 2025 WL 2280485, at *4 (S.D. Fla. Aug. 8, 2025) (citing 8 U.S.C. § 1252(g)). While § 1252(g) "bars courts from reviewing certain exercises of discretion by the attorney general, it does not proscribe substantive review of the underlying legal basis for those discretionary decisions and actions." *Madu v. U.S. Atty. Gen.*, 470 F.3d 1362, 1368 (11th Cir. 2006).

Whether § 1252(g) strips this Court of jurisdiction depends on the nature of Petitioner's challenge to his detention. Where Respondents argue Petitioner is detained pursuant to § 1225(b)(2) and Petitioner invokes § 1226(a), Petitioner challenges the underlying statutory basis for his detention pending removal proceedings, which district courts have jurisdiction to hear. *See e.g.*, *Merino v. Ripa*, No. 25-cv-23845, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025) (finding the court has jurisdiction to hear challenges to ongoing detention pending removal proceedings on

the basis of § 1226(a) and § 1225(b) arguments). Thus, this Court has jurisdiction to determine the underlying statutory basis for Petitioner's detention.

### B. Detention Pending Removal Proceedings

Petitioner asserts that he is a member of the *Maldonado Bautista* Bond Eligible Class and is entitled to a bond hearing under § 1226(a). ECF No. [1] ¶¶ 40-41. Respondents argue that the decision in *Maldonado Bautista* is neither binding nor applicable to Petitioner and has been stayed pending appeal. ECF No. [5] at 1-5. Respondents assert that Petitioner is properly detained without bond under § 1225(b)(2)(A). *Id.* at 7-10. Respondents adopt the interpretation of § 1225(b)(2)(A) and § 1226(a) that Respondents advanced in the case, *Alvarez Puga v. Assistant Field Office Dir., Krome, et al.*, No. 25-24535-CIV-ALTONAGA (S.D. Fla. Oct. 15, 2025), and acknowledge that Chief Judge Altonaga's decision in that case controls the result in this case. *Id.* at 9-10.[1] The interpretation and conclusion in *Alvarez Puga* aligns with this Court's recent decisions. In *Huerta-Lopez*, this Court found that the petitioner was detained pursuant to the authority of 8 U.S.C. § 1226(a) and was entitled to a bond hearing before an immigration judge. *See* Order Granting Petition for Writ of Habeas Corpus at 10, *Huerta-Lopez v. Miami Ice Field Office Director, et al.*, No. 26-cv-20165-BLOOM (S.D. Fla. Mar. 23, 2026), Dkt. No. 8. The Court adopts and fully incorporates its reasoning in *Huerta-Lopez.*

Based on the facts of this case, the Court finds no reason to deviate from its previous reasoning and decision. Therefore, consistent with this Court's prior rulings and the rulings of numerous other courts,[2] the Court concludes that, as a matter of statutory interpretation, Petitioner

---

[1] The Court presumes that Respondents intended to reference a recent case by this Court but mistakenly reference a case decided by Chief Judge Altonaga.

[2] The vast majority of courts have sided against Respondents on this issue. *See Perez v. Parra*, No. 1:25-cv-24820-KMW, Dkt. No. 9 at 6-10 (S.D. Fla. Oct. 27, 2025) (collecting "countless" cases). The Fifth and Eighth Circuits agreed with Respondents' interpretation of the statutes. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). The Second Circuit recently

is detained pursuant to § 1226(a). Thus, he is not lawfully held under 8 U.S.C. § 1225(b)(2).

Accordingly, Petitioner is detained in violation of the laws of the United States pursuant to 8 U.S.C.

§ 2241. Furthermore, the Court finds that Petitioner is detained pursuant to the authority of 8

U.S.C. § 1226(a) and is entitled to a bond hearing.

Because the Court concludes Petitioner is entitled to a bond hearing under § 1226(a) based

on statutory interpretation, the Court does not address the parties' arguments regarding the

*Maldonado Bautista* Bond Eligible Class.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for Writ of Habeas Corpus, **ECF No. [1]**, is **GRANTED, in part** and **DENIED in part**.

2. Within five (5) days of the date of this Order, Respondents must either: (1) provide Petitioner with a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a), at which the Government shall bear the burden of justifying his continued detention by clear and convincing evidence of dangerousness or risk of flight; or (2) release Petitioner from custody, under reasonable conditions of supervision.

3. Respondents are enjoined from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2).

4. Respondents must, within 24 hours of the bond hearing, file a status report indicating

---

issued a decision disagreeing with Respondents' interpretation. *See Barbosa Da Cunha v. Freden*, No. 25-3141-pr, slip op. at 2-3 (2d Cir. Apr. 28, 2026) (finding that "[§] 1225(b)(2)(A) does not apply to noncitizens, such as Petitioner, who are present in the United States after entering the country without inspection and admission and who were not apprehended at or near the border at the time of entry."). The Eleventh Circuit heard oral argument but has not yet ruled on the issue. *See* Oral Argument, *Fidencio Alvarez v. Warden, Fed. Det. Ctr. Miami, et al.*, No. 25-14065 (11th Cir. Mar. 26, 2026); Oral Argument, *Cerro Perez v. Assistant Field Office Dir., et al.*, No. 25-14075 (11th Cir. Mar. 26, 2026).

the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.

5.  Petitioner may separately file a request for attorneys' fees and costs under the Equal Access to Justice Act (EAJA).

6.  The Clerk of Court shall **CLOSE** this case.

7.  To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 28, 2026.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of record